UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY COOOPER; aka SIDNEY COOPER, CDCR #H-58566,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv01342-AJB-NLS<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS AND DEFENDANTS FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b); AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE ON DEFENDANTS ROMERO AND GODINEZ** |

**I.　Procedural History**

On July 15, 2020, Sydney Cooper, also known as Sidney Cooper, ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1).

/ / /

In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). The Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 6.) The Court notified Plaintiff of the problems with his pleading and granted him leave to file an amended complaint. (*See id.*) On September 14, 2020, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 7.)

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  Plaintiff's Factual Allegations

On August 4, 2015, Plaintiff "became a victim of a 'theft' committed by Officer J.T. Delgado" due to Plaintiff's "exercise of free speech." (FAC at 5.) Plaintiff "complain[ed] to the Lieutenant (Lt. Ortiz[1]) the following day" regarding Delgado's retaliation. (*Id.*) Plaintiff specifically alleges Delgado performed an "illegal cell search" and confiscated his "Super 3 radio" for Plaintiff "exercising his free speech." (*Id.*) Ortiz "ordered" Delgado to issue Plaintiff a "cell search slip" but did not document "why the radio was taken." (*Id.*)

On August 10, 2015, Sergeant Scharr responded to Plaintiff's grievance "falsely stating, 'you did receive a property receipt'" and the radio "has been turned over to [Receiving and Releasing]." (*Id.* at 6.) Plaintiff claims this is a "false report" by Scharr to "assist" Delgado in "covering up the act of theft." (*Id.*)

On February 10, 2017, Plaintiff "was the victim of a 'repeated act of theft'" when Officer Rodriguez "in retaliation for Plaintiff exercising protected conduct camouflaged an institutional search to steal the Plaintiff's personal property." (*Id.*) Plaintiff alleges this was due to Plaintiff's refusing to refrain from attending court hearings and filing staff complaints." (*Id.*)

---

[1] Ortiz is not a named defendant.

On May 4, 2017, Plaintiff was "out to the hospital to receive medical attention for his hand" when Romero "left his assigned post" to "enter into Plaintiff's housing unit to perform an unauthorized and illegal cell search in direct 'retaliation' for the Plaintiff attending court hearings and filing staff complaints." (*Id.*) Plaintiff alleges Romero "stole the Plaintiff's R.C.A. flat screen tv, coaxial cable amplifier, and 'personal muscle photos' of the Plaintiff." (*Id.* at 7.) Romero "attempted to conceal a crime of 'theft' by failing to even leave the required cell search slip." (*Id.*)

On July 6, 2017, Sergeant Wall "denied the Plaintiff a 'fair and impartial review process' when [Sergeant] Wall interviewed the Plaintiff regarding the previous 'act of theft and illegal retaliation' committed by [Romero] on May 4, 2017." (*Id.*) Plaintiff alleges Sergeant Wall "tried to assist" Romero by lying about Plaintiff having a television and "falsely claiming that [Romero] had never even entered the cell." (*Id.*)

On July 7, 2017, Sergeant Godinez "violated Plaintiff's right to 'engage in protected conduct' and to be 'free from cruel and unusual punishment' and the right to 'equal protection of the laws,' when he stood by and allowed [Romero] to stop Plaintiff while on the way to morning chow and called him a 'bitch.'" (*Id.* at 7-8.) Plaintiff claims this was an "attempt to instigate a fight between the officers and Plaintiff." (*Id.* at 8.) Plaintiff further claims that this was due to Plaintiff "exercising protected conduct to attend his judicial proceedings and fil[ing] staff complaints." (*Id.*) Plaintiff alleges Sergeant Godinez "joined [Romero] in retaliating against Plaintiff for the exercise of protected conduct by ordering the Plaintiff to 'remove his pants'" and warned Plaintiff to "shut that shit down or we're gonna do this everyday." (*Id.*)

Plaintiff further claims Romero "stopped Plaintiff under the 'gun tower' and ordered him to take off his 'tennis shoes' where he then got a knife and cut the strings out of the tennis shoes." (*Id.* at 9.) Plaintiff alleges Romero told him that "this is going to happen every day" if he continues with his "judicial proceedings." (*Id.*)

On October 2, 2017, Counselor Zavala "retaliated" against Plaintiff when he purportedly "unlawfully made an attempt to falsify the Plaintiff's medical record to

indicate something about Plaintiff's medical status that his own Doctor <u>never</u> authorized and were <u>inconsistent</u> with the Plaintiff's medical condition." (*Id.*) (emphasis in original.) Plaintiff claims Zavala "attempted to use such 'false medical records' to illegally transfer the Plaintiff to an institution that was <u>higher</u> than his security level as punishment." (*Id.*) (emphasis in original.)

On October 31, 2017, Litigation Coordinator McGuire "went behind the Plaintiff's back and told his counselor [Zavala] not to allow the Plaintiff to make any more court calls to the San Diego Superior Court Case No. 37-2016-00037066-CU-WM." (*Id.* at 10.) These "acts of misconduct" purportedly "automatically denied Plaintiff's right to have his day in court." (*Id.*)

On February 23, 2019, Law Librarian Tiscornia "refused to confirm that the law library possessed the required "APP-016/EW-016 Order on Court Fee Waiver Form." (*Id.* at 20.) In addition, she was "unwilling to utilize the state computer to simply download a copy of the form to provide to Plaintiff upon request." (*Id.*) Plaintiff alleges that Tiscornia's "behavior and conduct caused the Plaintiff's appeal to get denied for not being submitted timely" on February 19, 2019. (*Id.*)

On February 18, 2020, Litigation Coordinator Giurbino "refus[ed] to fall into compliance with having Plaintiff ready to have a court appearance telephonically in the yard gym on [July 17, 2020] at 11:00 a.m." (*Id.* at 10.) Giurbino "arbitrarily created his own requirement for Plaintiff to use 'court call' in order to attend his 'court ordered' hearing." (*Id.*) Even when Plaintiff allegedly "utilized the 'court call'," Giurbino purportedly still "refused and failed to have the Plaintiff appear telephonically on the scheduled hearing date." (*Id.* at 11.)

Plaintiff claims former RJD Warden Paramo "created and enforced an unconstitutional 'custom and policy' that unlawfully allowed the blatant coordination and ratification of staff misconduct and criminal acts of retaliation against prisoners who sought to file staff complaints and pursue court action against such corrupt state employees." (*Id.*)

1  Plaintiff alleges the current RJD Warden Pollard "has now adopted and endorsed
2  the previous unconstitutional custom and policy that unlawfully allowed the blatant
3  condonation and ratification of staff misconduct and criminal acts of retaliation against
4  prisoners." (*Id.* at 12.)

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  Statute of Limitations

As the Court found in the July 28, 2020 Order, Plaintiff's claims against Defendants Delgado and Scharr arose in 2015. (*See* FAC at 5-6.) These claims are barred by the applicable statute of limitations. "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if

proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000)  (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling). In addition, the limitations period for prisoners is tolled while the "prisoner completes the mandatory exhaustion process." *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."

*Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Thus, assuming Plaintiff is not serving a life sentence, he is entitled to an additional two (2) years of statutory tolling pursuant to CAL. CIV. PROC. CODE § 352.1(a). *Johnson*, 207 F.3d at 654; *see also Jones*, 393 F.3d at 928 n.5 (noting that "California courts have read out if the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling.").

Here, once again the Court finds Plaintiff's claims against Delgado and Scharr accrued in 2015 and he should have filed this action against them in 2019. (*See* FAC at 5-6.) Plaintiff has alleged no facts to show that he is entitled to equitable tolling. Consequently, based on the face of Plaintiff's own pleading, it is clear Plaintiff's claims against Delgado and Scharr fall outside California's two-year statute of limitations, even including all presumed periods of tolling provided by statute. *See Wallace*, 591 U.S. at 391; *Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration).

Because the Court previously notified Plaintiff of the deficiencies of his claims against Delgado and Scharr and he failed to make any attempt to correct them, the Court DISMISSES these claims for failing to state a claim without leave to amend.

E.     Duplicative claims

It appears that Plaintiff did bring the same claims against Defendant Delgado in 2016 in San Diego Superior Court Case No. 37-2016-000037066-CU-WM-CTL. Plaintiff's claims against Delgado are also subject to sua sponte dismissal because they appear to be duplicative of the action he filed in San Diego Superior Court. A court

"'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In the matter Plaintiff filed in state court against Delgado he "alleged a correctional officer stole his radio and prison officials obstructed his attempts to file complaint about the theft and correctional officers' subsequent retaliatory actions" in 2015. *Cooper v. California Dep't of Corrections and Rehabilitation, et al.*, 2019 WL 6167130 at *1 (Cal. App. 4th, Div. 1 2019.) Because Plaintiff has already brought the same claims against Delgado presented in the instant action, the Court must dismiss these duplicative claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Cato*, 70 F.3d at 1105 n.2.

F. <u>Retaliation claims</u>

While the Court finds that Plaintiff has adequately stated a First Amendment retaliation claim against Defendants Godinez and Romero, Plaintiff has failed to state a First Amendment retaliation claim against any other Defendant.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal footnote omitted). Adverse action is action that "would chill a person of ordinary firmness" from engaging in the protected activity. *Pinard v. Clatskanie School District 6J*, 467 F.3d 755, 770 (9th Cir. 2006); *see also White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000). Plaintiff also must allege facts to show that the

exercise of his First Amendment rights was the substantial or motivating factor behind Defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Further, he bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff's retaliation claims against Rodriguez and Zavala fail to state a claim because he fails to identify how these Defendants were aware that he was engaging in protected conduct. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* Thus, the Court dismisses Plaintiff's First Amendment retaliation claims against Rodriguez and Zavala for failing to state a claim upon which relief may be granted.

G. <u>Due Process claims</u>

It is not entirely clear, but it appears that Plaintiff is claiming that Wall violated his due process rights when Wall interviewed him in relation to his grievance that he filed against Romero. (*See* FAC at 7.) Plaintiff claims Wall "denied the Plaintiff a fair and impartial review process." (*Id.*)

However, an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper

"processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860).

Therefore, the Court finds Plaintiff's conclusory claims against Defendant Wall are insufficient to state any plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678-79 (citations omitted).

H.     Eighth Amendment

Plaintiff also makes allegations against Godinez and Romero that his right to be "free from cruel and unusual punishment" was violated when Romero allegedly called him a "bitch" while Godinez "stood by." (FAC at 7-8.) However, allegations of verbal harassment and abuse by themselves fail to state a claim cognizable under 42 U.S.C. § 1983. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *as amended*, 135 F.3d 1318 (1998) (disrespectful and assaultive comments by prison guards not enough to implicate the Eighth Amendment).

Therefore, the Court finds Plaintiff's claims against Godinez and Romero are insufficient to state an Eighth Amendment claim upon which § 1983 relief may be granted.

I.     Access to Courts

Plaintiff alleges Defendants McGuire, Tiscornia, and Giurbino all took actions against him that "automatically denied Plaintiff's right to have his day in court." (*Id.* at 9.)

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried

1  (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see*
2  *also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between
3  two types of access to court claims: those involving prisoners' right to affirmative
4  assistance and those involving prisoners' rights to litigate without active interference.").

5  However, Plaintiff must allege "actual injury" as the threshold requirement to any
6  access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual
7  injury" is "actual prejudice with respect to contemplated or existing litigation, such as the
8  inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also*
9  *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the
10 "inability to file a complaint or defend against a charge"). The failure to allege an actual
11 injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to
12 show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518
13 U.S. at 353 & n.4).

14 In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable"
15 underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the
16 underlying claim must be set forth in the pleading "as if it were being independently
17 pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be
18 awarded as recompense but not otherwise available in some suit that may yet be
19 brought." *Id.* at 415.

20 Here, Plaintiff fails to adequately plead he suffered an "actual injury" and he fails
21 to describe the nature or description of the underlying claims.  Plaintiff's only legal
22 matter which he claims was impacted by Defendants' actions is San Diego Superior
23 Court Case No. 37-2016-00037066-CU-WM.  (*See* FAC at 10.)  A review of the state
24 court docket indicates that Plaintiff has been litigating this matter since 2016.  *See*
25 *Cooper v. CDCR, et al.*, No. 37-2016-00037066-CU-WM, Doc. No. 1.  This matter was
26 only recently dismissed, and it was at the request of Plaintiff.  *Id.*, Doc. No. 396,
27 "Request for Dismissal without Prejudice," filed by Plaintiff on August 25, 2020.
28

Thus, the Court finds that Plaintiff's FAC fails to include any "factual matter" to show how or why any of the individual Defendant in this case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. Because Plaintiff has failed to allege facts sufficient to show that any named Defendant caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which § 1983 relief can be granted.

J.  Individual Causation

Plaintiff claims against former Warden Paramo and current Warden Pollard are based on their supervisory roles. (*See* FAC at 11-12.) However, Plaintiff fails to make any factual allegations that either Paramo or Pollard had any personal involvement or knowledge of the alleged constitutional violations. Without "further factual enhancement" to show how, or to what extent, Defendants Paramo or Pollard may be held personally liable for any constitutional injury, the Court finds Plaintiff's claims against them must necessarily rest on a theory of respondeat superior. *See Iqbal,* 556 U.S. at 676-77. But "[v]icarious liability is inapplicable to ... § 1983 suits, [and] a plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution," in order to plead a plausible claim for relief. *Id*. at 676; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant."); *Jones v. Comm'ty*

*Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

For these reasons, the Court finds Plaintiff has failed to state a plausible claim for relief against Defendants Paramo and Pollard.

### K. CDCR

Plaintiff's claims against the CDCR also must be dismissed. The CDCR is not a "person" subject to suit under Section 1983 and is entitled to immunity from suit for monetary damages under the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-54 (1996); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993)); *see also Dragasits v. California*, No. 3:16-cv-01998-BEN-JLB, 2016 WL 680947, at *3 (S.D. Cal. Nov. 15, 2016) ("The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under § 1983." (citing *Groten*, 251 F.3d at 851)). Accordingly, Plaintiff's claims against the CDCR are dismissed sua sponte for failure to state a plausible claim.

### L. Remaining claims

As for the remaining retaliation claim against Godinez and Romero, the Court finds Plaintiff's FAC contains "sufficient factual matter, accepted as true," to state a First Amendment claim for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes*, 408 F.3d at 567-68. Therefore, the Court will direct the U.S. Marshal to effect service of summons and Plaintiff's FAC upon Defendants Godinez and Romero on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the

plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III.  Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** Plaintiff's claims against Delgado[2] as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

2. **DISMISSES** Plaintiff's claims against Defendants Scharr, Rodriguez, Zavala, Wall, McGuire, Tiscornia, Giurbino, Wall, Paramo, Pollard and CDCR for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

3. **DISMISSES** Plaintiff's Eighth Amendment claims against Defendants Godinez and Romero for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC for **Godinez** and **Romero** (ECF No. 7) and forward it to Plaintiff counsel along with a blank U.S. Marshal Form 285 for Defendants Godinez and Romero.  In addition, the Clerk will provide Plaintiff with a certified copy of the July 28, 2020 Order granting IFP status, certified copies of his FAC, and the summons so that he may serve Defendants Godinez and Romero. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

5. **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendants Godinez and Romero as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28

---

[2] In Plaintiff's original Complaint he appeared to spell Defendant Delgado's name as "T.T. Delgado." However, in his FAC Plaintiff clarifies that the correct spelling is "J.T. Delgado."  The Clerk of Court is directed to terminate both entries for Defendant Delgado.

U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants Godinez and Romero, once they have been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendant is required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  October 1, 2020

Hon. Anthony J. Battaglia
United States District Judge