UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY COOPER,<br><br>                            Plaintiff,<br>v.<br><br>DANIEL PARAMO, et al.,<br>                           Defendants. | Case No.: 20-cv-01342-AJB-NLS<br><br>**ORDER RESPONDING TO REFERRAL NOTICE**<br><br>**(Doc. No. 43)** |

On September 14, 2020, Plaintiff Sydney Cooper, currently incarcerated at the Richard J. Donovan Correctional Facility and proceeding *pro se* and in forma pauperis, filed an amended complaint against Daniel Paramo, California Department of Corrections and Rehabilitation ("CDCR"), and various other CDCR staff pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 7.) On October 1, 2020, the Court (1) dismissed Plaintiff's claims and some of Defendants for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and (2) directing U.S. Marshal to effect service on Defendants Romero and Godinez. (*See* Doc. No. 8.) On November 17, 2021, the Court issued a Notice of Hearing regarding Dismissal for Want of Persecution pursuant to Federal Rule of Civil Procedure 4(m), with the hearing set for December 13, 2021. (Doc. No. 30.) On December 13, 2021, the Court held the 4(m) hearing, at which no parties appeared. (*See* Doc. No. 32.) As such, the Court ordered the case dismissed without prejudice. (*Id.*) Plaintiff thereafter filed a motion for reconsideration on April 27, 2023, arguing the Court erred by dismissing

his case without prejudice because he served Godinez and Romero on December 12, 2021, the day before the 4(m) hearing. (Doc. No. 37.) Because Plaintiff did not explain why he failed to attend the 4(m) hearing and failed to establish any of the three prongs that would entitle him to reconsideration, the Court denied his motion on May 4, 2023. (*See* Doc. No. 39.) On June 20, 2023, Plaintiff filed a Notice of Appeal. (*See* Doc. No. 40.)

The United States Court of Appeals for the Ninth Circuit now refers this matter for the "limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (*See* Doc. No. 43.) Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed in forma pauperis ("IFP") in district court may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith, which in this context means that it is frivolous. *See Ellis v. United States*, 356 U.S. 674, 674–75 (1958). Title 28, United States Code, section 1915(a)(3) similarly provides that an appeal may not be taken IFP if the trial court certifies it is not taken in good faith. For purposes of section 1915, an appeal is "frivolous" if it lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

After review of the record herein, the Court concludes Plaintiff's appeal lacks any arguable basis in law or fact, and thus is considered not being taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). Accordingly, the Court hereby **REVOKES** Plaintiff's IFP status. *See Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). The Clerk of Court is **DIRECTED** to notify the Ninth Circuit Court of Appeals of this Order. *See* Fed. R. App. P. 24(a)(4).

**IT IS SO ORDERED.**

Dated: July 20, 2023

Hon. Anthony J. Battaglia
United States District Judge